UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MORGAN PRESNELL            )
                           )
V.                         )    NO. 2:08-CV-66
                           )
OFFICER CORNETT, SHERIFF   )
MATHES, and OFFICER MARY   )

**MEMORANDUM and ORDER**

*Pro se* prisoner Morgan Presnell has filed this civil rights suit under 42 U.S.C. § 1983, alleging that his constitutional rights have been violated at the Carter County Detention Center.[1] More specifically, plaintiff complains that his legal mail, including mail from the Court, was opened outside his presence and that some unidentified person refused to give him his mail, even though his mother was advised that she could send mail to him and that it would be distributed to him. Plaintiff would like to sue for the violation of his rights and to prosecute guilty parties for the crime committed. Unfortunately for plaintiff, he seeks no viable form of relief.

First of all, a prisoner's request for injunctive or declaratory relief against jail officials cannot be granted once he is transferred from the correctional institution of which he complains to a different facility. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir.1996). Since plaintiff is no longer imprisoned in the CCDC, it is obvious that he could obtain no benefit

---

[1] Plaintiff has since been released from confinement. [Doc. Entry of April 8, 2008].

from the granting of injunctive or declaratory relief against the CCDC officials. Thus, this claim has become moot.

Secondly, private citizens have no authority to initiate federal prosecution of defendants for their alleged unlawful acts. *See Cok v. Cosentino*, 876 F.2d 1,2 (1st Cir. 1989) (per curiam). Furthermore, the decision as to whether to prosecute does not lie with the courts either. *See Town of Newton v. Rumery*, 480 U.S. 386, 396 (1987) (a prosecutor is given broad discretion since the prosecutor, not courts, must evaluate the strength of the case, the allocation of resources, and enforcement priorities); *United States v. Barnes*, 230 F.3d 311, 314 (7th Cir. 2000) (prosecutor, not defendant, has discretion to select which illegal activity to prosecute); *United States v. Robertson*, 45 F.3d 1423, 1437 (10th Cir. 1995) ("[c]harging decisions are primarily a matter of discretion of the prosecution"). And, a § 1983 action cannot be used to force the state to prosecute. *Collyer v. Darling*, 98 F.3d 211, 222 (6th Cir. 1996).

Finally, plaintiff's application to proceed *in forma pauperis* is **GRANTED**. [Doc. 1].

A separate order of dismissal will enter.

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE